**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Javier AYON–CONTRERAS,**
**Defendant—Appellant.**

No. 04–50359.

D.C. No. CR–04–01278–WQH.

United States Court of Appeals,
Ninth Circuit.

Submitted April 6, 2005.

Decided April 13, 2005.

Christopher M. Alexander, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Holly Sullivan, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

### MEMORANDUM *

Jose Ayon–Contreras appeals his judgment of conviction following a conditional guilty plea for being a deported alien found in the United States in violation of 8

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. Ayon–Contreras contends that the district court erred in denying his motion to suppress because the Border Patrol agents lack reasonable suspicion to stop and question him. We review de novo the district court's denial of a motion to suppress, *see United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), and we affirm.

Because the parties are familiar with the facts and procedural posture of this case, we will not recite them here. We review the district court's determination that the Border Patrol agents had reasonable suspicion that justified stopping Ayon–Contreras by considering the totality of the circumstances in light of the agent's specialized training and experience. *Id.* at 273. We conclude that the anonymous tip, the proximity to the border, the information regarding previous illegal border crossings in the area, prior reports of illegal aliens at the Frosty Burger, Ayon–Contreras' attempt to evade the agents, and the agents' observations and experience provided reasonable suspicion of illegal activity. *See United States v. Olafson*, 213 F.3d 435, 439–40 (9th Cir. 2000); *United States v. Garcia–Barron*, 116 F.3d 1305, 1307–08 (9th Cir.1997).

**AFFIRMED.**